UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GLORIA RUBIETTA,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, a foreign corporation d/b/a/ AMTRAK, and TWENTIETH CENTURY RAILROAD CLUB, an Illinois not-for-profit corporation,<br><br>    Defendants. | FILED: DECEMBER 11, 2008<br>Court No.: 08CV7117<br>JUDGE GETTLEMAN<br>MAGISTRATE JUDGE COLE<br>RCC<br><br>*Plaintiff Demands Trial By Jury* |

## COMPLAINT AT LAW

PLAINTIFF, GLORIA RUBIETTA, through her attorneys, SCHIFF GORMAN & KRKLJES, for her Complaint against Defendants NATIONAL RAILROAD PASSENGER CORPORATION, a foreign corporation d/b/a AMTRAK, and TWENTIETH CENTURY RAILROAD CLUB, an Illinois not-for-profit corporation, states as follows:

### JURISDICTION AND VENUE

1. This is an action for compensatory damages as a result of injuries sustained on an AMTRAK passenger train. All acts complained of took place on a passenger train whose origin and final destination was Chicago, Illinois which is within the Northern District of Illinois, Eastern Division. The Court has jurisdiction of this action under Title 28 U.S.C. Section 1349; venue is appropriate pursuant to Title 28 U.S.C. Section 1391.

## PARTIES

2. PLAINTIFF, GLORIA RUBIETTA (hereinafter "PLAINTIFF"), is a natural person and a citizen of the United States. She is 61 years old and a resident of Broadview, Illinois.

3. Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a/ AMTRAK (hereinafter "AMTRAK"), is a foreign corporation which owns, operates, controls and manages, among other things, a passenger railroad system.

4. TWENTIETH CENTURY RAILROAD CLUB, INC. (hereinafter 20th CENTURY ) is an Illinois, not-for-profit corporation with a principle place of business in Wilmette, Illinois.

## FACTS

5. At all times relevant herein, AMTRAK was a common carrier which owned, operated, managed, maintained, and controlled certain passenger railroad trains for scheduled, fare-paying passenger traffic between and among railway stations.

6. At all times relevant herein, 20th CENTURY owned, operated, managed, organized, and controlled a railroad club in Cook County, Illinois, which offered and organized, among other things, passenger rail trips to its members and guests.

7. Prior to October 6, 2007, 20th CENTURY chartered an AMTRAK train for use by club members and guests for a round-trip passage between Chicago and Galena.

8. Prior to October 6, 2007, RUBIETTA purchased a ticket for the aforementioned event from 20th CENTURY and/or AMTRAK.

9. On October 6, 2007, RUBIETTA was a fare paying passenger on the AMTRAK train chartered by 20th CENTURY.

10. During the morning hours of October 6, 2007, the aforementioned train embarked from Chicago and was destined for Galena, Illinois for a sight-seeing day trip organized and sponsored by 20th CENTRURY and/or AMTRAK.

11. Prior to October 6, 2007, AMTRAK and/or 20th CENTURY assigned RUBIETTA a seat within a pre-determined railcar.

12. On October 6, 2007, both AMTRAK and 20th CENTURY had agents, servants, and employees on the AMTRAK railcars.

13. AMTRAK and/or 20th CENTURY assigned a seat to RUBIETTA in a "handicapped" railcar that was equipped with a large, open area, presumably to facilitate cargo or wheelchair passengers.

14. Said "handicapped" railcar was also equipped with restrooms.

15. On the aforementioned date and during the return trip from Galena, after exiting her seat to use the restroom within the railcar, RUBIETTA returned to her seat and walked through said large, open area within the railcar.

16. This large, open area was not equipped with handrails or other safety devices to facilitate passenger movement through the railcar while the train was moving.

17. While returning to her seat, and while walking through this open area, the passenger train accelerated to an unreasonable speed and violently shook

on the rails causing RUBIETTA to be thrown against the wall of the train, severely injuring herself.

### **COUNT I (AMTRAK)**

18. Plaintiff re-states and re-alleges paragraphs 1 through 17 as though fully stated herein.

19. At the aforementioned time and place, AMTRAK, by virtue the fact that it was a common carrier, was held to the highest duty of care in operating the passenger train so as not to injure passengers lawfully thereon.

20. Notwithstanding said duty, and in breach thereof, AMTRAK, through its agents, servants and employees, was guilty of one or more of the following actions and/or omissions:

 (a) Operated the passenger train at a speed greater than reasonable;

 (b) Failed to reduce the speed of the train in a hazardous area;

 (c) Failed to keep a proper lookout for areas on the railroad track that posed a danger;

 (d) Carelessly and negligently failed to give passengers proper warning of excessive speed through a dangerous area;

 (e) Failed to maintain the railcar, the rail tracks, and/or the roadbed on which the tracks lie thereby creating a dangerous condition;

 (f) Carelessly and negligently assigned Plaintiff a seat in a handicapped or cargo railcar that was unreasonably dangerous for the intended purpose;

 (g) Failed to equip the passenger car with sufficient safety devices such that passengers within the car could safely move about;

 (h) Carelessly assigned a seat to Plaintiff in a car that contained inadequate safety devices for passenger moving about;

 (i) Failed to properly instruct the train crew; and

(j) Otherwise, carelessly, negligently and improperly operated, managed, maintained and controlled said vehicle.

21. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of AMTRAK, RUBIETTA was thrown about the railcar.

22. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant AMTRAK, RUBIETTA then and there sustained severe and permanent injuries, both internally and externally, which necessitated the expenditure and will in the future necessitate the expenditure of large sums of money for medical care and services related to her injuries, and was and will in the future hinder and prevent her from attending to her duties and affairs, and has lost, and will in the future lose the value of that time.

WHEREFORE, Plaintiff, GLORIA RUBIETTA, demands judgment against Defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and TWENTIETH CENTRUCY RAILROAD CLUB, and each of them, in an amount in excess of the jurisdictional limits of this Court as well as costs concomitant with this lawsuit.

### COUNT II (20th CENTURY )

23. Plaintiff re-states and re-alleges paragraphs 1 through 17 as though fully stated herein.

24. At the aforementioned time and place, 20th CENTURY had a duty to operate the passenger train as well as plan and organize its club outing with reasonable care and caution so as not to injure persons lawfully on the train.

25. Notwithstanding said duty, and in breach thereof, 20th CENTURY, through its agents, servants and employees, was guilty of one or more of the following actions and/or omissions:

   (a) Carelessly and negligently assigned Plaintiff a seat in a handicapped or cargo car that was unreasonably dangerous for the intended purpose;

   (b) Failed to equip the passenger car with sufficient safety devices such that pedestrians within the car could safely move about;

   (c) Carelessly assigned a seat to Plaintiff in a car that contained inadequate safety devices for passengers moving about;

   (d) Carelessly and negligently failed to give proper warning to persons lawfully on the train;

   (e) Failed to equip the passenger car with sufficient safety devices such that pedestrians within the car could safely move about;

   (f) Failed to properly instruct the representatives on board; and

   (g) Otherwise carelessly, negligently and improperly operated, managed, maintained and controlled said railcar.

26. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant 20th CENTURY, RUBIETTA was thrown about the train.

27. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions of Defendant 20th CENTURY, RUBIETTA then and there sustained severe and permanent injuries, both internally and externally, which necessitated the expenditure and will in the future

necessitate the expenditure of large sums of money for medical care and services related to her injuries, and was and will in the future hinder and prevent her from attending to her duties and affairs, and has lost, and will in the future lose the value of that time.

WHEREFORE, Plaintiff, GLORIA RUBIETTA, demands judgment against Defendants, NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK, and TWENTIETH CENTRUCY RAILROAD CLUB, and each of them, in an amount in excess of the jurisdictional limits of this Court as well as costs concomitant with this lawsuit.

**Plaintiff Demands Trial By Jury**

Respectfully submitted,

**SCHIFF GORMAN & KRKLJES**

By: s/Thomas G. Gorman

Thomas G. Gorman
**SCHIFF GORMAN & KRKLJES**
One E. Wacker, 28th Floor
Chicago, Illinois 60601
312-345-7210